IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RADAMED VELEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ENHANCED RECOVERY COMPANY, LLC | : | NO. 16-164 |

MEMORANDUM

Dalzell, J.                                                                                               May 2, 2016

**I.   Introduction**

Plaintiff Radamed Velez alleges that defendant Enhanced Recovery Company, LLC ("ERC") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") by sending him a collection notice with a false, deceptive, or misleading statement regarding potential tax consequences in relation to a proposed settlement of his debt. ERC moves to dismiss. For the reasons explained below, we will deny ERC's motion.

**II.   Standard of Review**

A defendant moving to dismiss under Fed. R. Civ. P. 12(b)(6) bears the burden of proving that the plaintiff has failed to state a claim for relief. See Fed. R. Civ. P. 12(b)(6); see also, e.g., Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

As the Supreme Court stresses, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action…do not suffice." Id. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

In the wake of Twombly and Iqbal, our Court of Appeals laid out a two-part test to apply when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted). In deciding a motion to dismiss, we may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record," and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefits Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

We recite the facts as they appear in the amended complaint.

### III.    Factual Background

On August 3, 2015, ERC sent Velez a communication in connection with a consumer debt in the amount of $692.70 owed to TD Bank USA, N.A./Target. Am. Compl. ¶¶ 10-11 & Ex. A (the "Letter"). The Letter offered to settle the debt for $554.16. Id. at ¶ 12. The Letter also stated, "In addition, any indebtedness of $600.00 or more, which is discharged as a result of a

settlement, may be reported to the IRS as taxable income pursuant to the Internal Revenue Code 6050 (P) and related federal law." Id. at ¶ 13 (the "Statement").

Velez claims that the Statement is false, deceptive, and misleading. Id. at ¶ 14. IRS Regulation 1.6050P requires applicable entities to report cancellations or discharges of debt under certain circumstances, but only when the forgiveness exceeds $600.00, and does not require reporting the discharge of a settlement. Id. at ¶ 15. Velez avers that since ERC would not have settled the $692.70 obligation for $92.70, there would never have been a debt cancellation exceeding the threshold in this case, and so the statement that the discharged debt "may be reported" is misleading and deceptive. Id. at ¶¶ 16-19. Velez also claims that applicable entities only report the amount of debt discharged if it exceeds the threshold, but whether that amount is income or taxable income are separate determinations not made by ERC or its clients. Id. at ¶¶ 20-21. Velez argues the Statement needlessly injects the IRS into the collection process, creates confusion, would cause the least sophisticated consumer to believe that he might have to pay a certain amount to avoid IRS reporting, and negatively influences a consumer considering bankruptcy. Id. at ¶ 23.

**IV.     Discussion**

Velez alleges that ERC violated 15 U.S.C. § 1692e by sending the Letter, which contained a false, deceptive, or misleading representation or statement in connection with the collection of a consumer debt, threatened to take an action that ERC did not intend to take, and utilized a false representation or deceptive means to collect or attempt to collect a consumer debt. Am. Compl. ¶ 25. Moving to dismiss, ERC argues that the Statement accurately reflects the controlling statute and regulation, is neither deceptive nor misleading, and is not material. ERC Mot. to Dismiss ("MTD") at 5, 7, 9.

Congress enacted the FDCPA in part to eliminate debt collectors' abusive debt collection practices. 15 U.S.C. § 1692. Velez claims that ERC violated 15 U.S.C. §§ 1692e, e(5), and e(10). Am. Compl. ¶ 25. The FDCPA prohibits a debt collector from using false, deceptive, or misleading representations in connection with the collection of any debt. 15 U.S.C. § 1692e. In addition, a debt collector may not threaten any action that it cannot legally take or that it does not intend to take, nor may it use false representations or deceptive means to collect or attempt to collect any debt. 15 U.S.C. §§ 1692e(5), (10).

ERC argues that the Statement is not false because it accurately reflects the controlling statute and regulation. ERC MTD at 5-6. Velez argues that the statute must be read with the corresponding regulation, and together those rules make clear that discharged debts may not be reported when an exception applies. Velez Resp. in Opp. at 5-6.

26 U.S.C. § 6050P requires any applicable entity discharging (in whole or part) any person's debt during any calendar year to make a return setting forth certain information about the individual and the discharge, unless the discharge is for less than $600.00. 26 U.S.C. 6050P(a)-(b). The associated regulation explains in part that there are exceptions to this requirement to file a Form 1099-C, such as the discharge of an amount of indebtedness that consists of interest and non-principal amounts in certain lending transactions, including lines of credit. 26 C.F.R. § 1.6050P-1(a), (d)(2)-(3).

Whether certain language violates the FDCPA is often a question of law that we may address on a Rule 12(b)(6) motion. Wilson v. Quadramed Corp., 225 F.3d 350, 353 n.2 (3d Cir. 2000); see also Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 33 n.5 (3d Cir. 2011). We analyze communications potentially giving rise to claims under the FDCPA by using the perspective of the least sophisticated debtor. Brown v. Card Serv. Ctr., 464 F.3d 450, 454 (3d Cir. 2006). This

standard protects even naïve and gullible consumers, but does not permit liability for bizarre or idiosyncratic interpretations, since even the least sophisticated debtor is presumed to have a basic level of understanding and a willingness to read with care. Id. (citing Quadramed Corp., 225 F.3d 354-55).

ERC claims that the Statement is not false because it accurately reflects the interplay between the statute and regulation. ERC MTD at 6-7. Velez claims the Statement is false because the Statement fails to account for the exceptions to reporting cancelled debts. Velez Resp. in Opp. at 6. Accepting the amended complaint's well-pled factual allegations as true, Velez's settlement of this alleged debt, and ERC's cancellation thereof, could not possibly have been reportable under the relevant exceptions. Am. Compl. ¶¶ 16-19. If, in fact, under the circumstances of this case, there could not possibly have been a reportable event, then the statement would be false. See, e.g., Wagner v. Client Servs., Inc., 2009 WL 839073, *4 (E.D. Pa. Mar. 26, 2009) (Baylson, J.) (explaining that absent additional discovery to demonstrate whether Citibank was required to report the discharge of plaintiff's indebtedness, there remained an initial question of whether the collection letter's "required to" language was true or false). See also Wideman v. Monterey Fin. Servs., Inc., 2009 WL 1292830, *4 (W.D. Pa. May 7, 2009) (Hay, M.J.) (explaining that the challenged language that the defendant had not "as of yet" filed a Form 1099C implied that filing the form was a very real possibility).

The Statement "may not be false in all respects, [but] it certainly is not completely true." Good v. Nationwide Credit, Inc., 55 F. Supp. 3d 742, 747 (E.D. Pa. 2014) (citing Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 154 (3d Cir. 2013)). Although the challenged language in Good stated that the financial institution in question was "required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more," id. at

744, the use of the contingent "may" in the Statement here does not materially distinguish it from the challenged language in Good because both phrases fail to communicate that there are other exceptional circumstances beyond the threshold amount that affect whether the cancellation of the debt is reportable. Further, the challenged Statement, like the challenged language in Wagner, suggests the possibility that the cancelled debt could be reported.

Moreover, the Statement could mislead or deceive the least sophisticated debtor. A debt collector's statement is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate, and it is misleading if it states that a certain action is possible even though the debt collector has reason to know that there are facts that make the action unlikely in a particular case. Brown, 464 F.3d at 455

Velez alleges that the Statement might lead the least sophisticated debtor to believe that he might have to pay a certain amount in order to avoid IRS reporting. Am. Compl. ¶ 23. ERC contends that the Statement is not deceptive or misleading because it is not subject to multiple interpretations, but rather sets forth a generally applicable rule. ERC MTD at 8.

Velez states a plausible claim that the Statement is misleading or deceptive. Velez's interpretation of the Statement from the perspective of the least sophisticated debtor is not bizarre or idiosyncratic. The least sophisticated debtor, given a generally applicable rule with some, but not all, of the relevant exceptions thereto, might be misled into thinking that there will be adverse tax consequences for settling a debt for less than the total amount due. The conditional "may" of the Statement does not remove from the realm of possibility that the least sophisticated debtor might be deceived into thinking that ERC must or will report certain settlement amounts to the IRS, even when it does not intend to, or would not be required to, under the relevant statute and regulations.

ERC also argues that the Statement is not material, but does not explain why. ERC MTD at 9. Velez argues that it is material because the gratuitous injection of the IRS into a collections communication has the potential to affect the least sophisticated debtor's decision-making process. Velez Resp. in Opp. at 12-13.

A false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated debtor, meaning that it is material when viewed from the least sophisticated debtor's perspective. Jensen v. Pressler & Pressler, 791 F.3d 413, 421 (3d Cir. 2015). This constitutes a low bar. Id.

Even imbued with basic understanding and a willingness to read carefully, the Statement might influence the least sophisticated debtor. It would not be bizarre or idiosyncratic for the least sophisticated debtor to believe that the "invocation of the IRS reasonably suggests…that he or she could get in trouble with the IRS for refusal to pay the debt, or for obtaining any debt forgiveness of $600 or more." Good, 55 F. Supp. 3d at 748. The least sophisticated debtor could reasonably assume that ERC included the Statement because it was relevant, and such a debtor could believe, given the lack of specificity in the generally-stated rule that mentions one exception but not others, that the action he chooses to take with respect to the debt will trigger tax consequences or reporting requirements. There are myriad other ways that the Statement could, without bizarre or idiosyncratic interpretation, influence the least sophisticated debtor's decision-making process.[1]

---

[1] We are not persuaded by ERC's citation to Rhone v. AllianceOne Receivables Mgmt., Inc., 2015 WL 4758786, *1 (S.D. Ind. Aug. 12, 2015) (Magnus-Stinson, J.). In Rhone, the court found that the "reasonable but unsophisticated consumer" would know that a debt write-off of $157.50 (the $393.74 amount owed minus the $236.24 settlement amount) could not possibly meet the $600 threshold. Id. at *4. Further, the court noted that even if the debtor did not understand how to calculate the write-off amount, but instead thought the write-off was the entire amount owed, the amount in question in that case was still well below the threshold. Id.

**V.      Conclusion**

We will deny ERC's motion to dismiss because the amended complaint states a facially plausible claim to relief under Section 1692e of the FDCPA. An appropriate Order follows.

BY THE COURT:


 /s/ Stewart Dazell, J.
Stewart Dalzell, J.

---

First, this case is factually distinguishable from <u>Rhone</u> because the amount owed exceeded $600, so the least sophisticated debtor who read carefully, but still did not understand whether the threshold applied to the total indebtedness or just the write-off amount after settlement, could be confused or misled. Further, we are not as certain as the court in <u>Rhone</u> that the least sophisticated debtor would understand this distinction.

Second, we do not believe that the conditional "may" of the Statement renders it proper. The court in <u>Rhone</u> explained that the challenged language clarified through the use of the conditional "may" that the reporting outcome would only occur in cases where the settlement write-off exceeded $600. <u>Id.</u> at *5. Here, the Statement's use of the conditional "may" does not so clearly explain that the $600 threshold is the triggering factor. The least sophisticated debtor, even reading carefully, might not understand that the "may" refers only to the $600 threshold and to no other possible triggering event or exception. It would not be bizarre or idiosyncratic for the least sophisticated debtor to believe that ERC retained some discretion in whether to report or that some other related federal law governed the reporting of the discharge.

8